## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| KAREN HUDSON, Individually and on Behalf of All Others Similarly Situated, | ) | Civ. No. _____ |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| vs. | ) | |
| | ) | |
| Polaroid Corporation and PLR IP Holdings, | ) | |
| LLC, a Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Karen Hudson ("Plaintiff"), individually and on behalf of all others similarly situated, hereby sues Polaroid Corporation and PLR IP Holdings, LLC. (collectively, "Defendants" or "Polaroid"), and allege as follows:

### INTRODUCTION

1.      To put the size of this case in perspective, consider that 140 million LCD TVs have been sold to date in the United States.  The same report estimates that, by 2012, this number will have increased to 186.5 million.  Today, LCD TVs represent about 67% of the television market as opposed to 37.5% in 2007.[1]

2.      Since 2008, roughly 30 million LCD televisions are sold annually and Polaroid has a 10% share of that market.[2]



3.       As set forth more fully below, Polaroid LCD TVs ("Polaroid LCD TV" or "Televisions", "TVs" or "LCD TVs") suffer from a design defect that inevitably results in the TVs' failing, becoming inoperable, and in some cases smoking and catching fire.

---

[1]      http://www.isuppli.com/Abstract/LCD-TV-Growth-in-Line-with-Economic-Rebound.pdf (last visited June 1, 2011).

[2]      http://www.hughsnews.ca/lcd-tv-sales-decline-in-u-s-0014621 (last visited June 1, 2011).

Polaroid has been aware since 2006-2007 that their LCD TVs are not only unreliable, but are also a dangerous fire hazard.  By doing so, Polaroid places its customers at risk of injury or death.

4.      Despite Polaroid's actual knowledge of the defect, Polaroid has failed to, *inter alia*, inform Plaintiff and other members of the Class of the existence of the fatal defect – a clearly material fact – at the time of sale or after purchase.  Further, Polaroid has failed to recall the TVs, amend the warranties, and/or reimburse customers for the cost of repairing or replacing the TVs.

5.      Not only did Polaroid actively conceal the TVs' defects, they also made materially misleading statements touting he high quality of the TVs, including but not limited to an incident wherein Polaroid was cited in 2010 by Underwriters Laboratories ("UL") for including a UL certification on a Polaroid TV which was not actually certified by UL.[3]

---

[3]

   http://www.ul.com/global/eng/pages/corporate/newsroom/publicnotices/newsitem.jsp
?cpath=%2Fglobal%2Feng%2Fcontent%2Fcorporate%2Fnewsroom%2Fpublicnotices%2Fd
ata%2Ful-warns-of-lcd-television-with-unauthorized-ul_20101015081600.xml (last visited
June 1, 2011).



6.     In addition, Polaroid advertises that their LCD TVs are of the highest of quality:[4]



7.     Nothing could be further from the truth!

8.     Had Plaintiff and the other members of the Class known of the problems associated with the TVs, they would not have purchased a Polaroid LCD TV.

## THE PARTIES

9.     At all times relevant to this matter, Plaintiff resided and continues to reside in Texas County, Missouri.  During the class period, Plaintiff was the owner of a Polaroid LCD

---

[4]     *See* http://store.polaroid.com/products/3/247012/LCD_TVs (last visited May 12, 2011)

TV, and suffered injury in fact and lost money as a result of the conduct of Polaroid described herein.

10.     Defendant Polaroid Corporation is an international consumer electronics and eyewear company, originally founded in 1937 by Edwin H. Land.  It is most famous for its instant film cameras, which reached the market in 1948, and continued to be the company's flagship product line until the February 2008 decision to cease all production in favor of digital photography products.  On October 11, 2001, Polaroid Corporation filed for Chapter 11 bankruptcy protection.   On April 2, 2009, Patriarch Partners LLC won an auction for Polaroid Corporation's assets.  On April 16, 2009, Polaroid won U.S. Bankruptcy Court approval to be sold to a joint venture of Hilco Consumer Capital LP of Toronto and Gordon Brothers Brands LLC of Boston.  Hilco Consumer Capital and Gordon Brother Brands announced the closing of the purchase of Polaroid Corporation on May 7, 2009 placing Polaroid Corporation in joint holding under a parent company named PLR IP Holdings, LLC.

11.     Defendant PLR IP Holdings, LLC. is a Delaware Limited Liability Company, is the parent company of Polaroid Corporation, and is headquartered in Minnetonka, Minnesota.

## JURISDICTION AND VENUE

12.     The Court has subject matter jurisdiction over this action pursuant to 28 USC §1332(d)(2) because this matter is a class action with an amount in controversy that exceeds $5,000,000, there are thousands of Class members, and members of the Class of plaintiffs are citizens of states different from Polaroid.

13.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Polaroid is subject to personal jurisdiction in this District.

14.     The members of the putative Class have suffered aggregate damages exceeding $5,000,000, exclusive of interest and costs.

## SUBSTANTIVE FACTUAL ALLEGATIONS

15.     Polaroid LCD TVs are sold nationwide at large and small chain stores, such as Wal-Mart, Best-Buy, Sam's Club and Costco, and on the internet.  The prices vary from $200.00 to $800.00, depending on the model.

16.     While Industry buying guides rate LCD TVs to have a life span of 100,000 hours, or about 8 hours of daily viewing for 20 years,[5] upon information and belief, Polaroid TVs operate just past the ninety day labor/one year manufacturer's warranty offered by Polaroid.

17.     In any event, consumers purchasing Polaroid LCD TVs could reasonably expect their TV to function well beyond the ninety day labor/one year warranty extended by Polaroid's boilerplate warranties.

18.     Upon information and belief, thousands of consumers are discovering that their Polaroid LCD TVs are unreliable, will not power up, or actually SMOKE!  Customers are told by Polaroid that the cost to replace the circuit board is roughly $300.00.  In many of the cases, the failures occur just outside of the warranty period.

_____

[5]     *See* http://www.lcdtvbuyingguide.com/lcdtv/lcdtv-lifetime.shtml (last visited May 12, 2011)

**Background – LCD TVs and Capacitors**

19.     In order to fully understand the defects alleged herein, one must examine the internal electrical components in the Polaroid LCD TVs, including the power supply board and the electronic devices found on these "boards" called capacitors.

20.     LCD televisions, like most televisions, contain a number of internal electronic components.  These components are mounted to circuit boards and serve dedicated functions such as turning on and off, and changing a channel.   However, unlike traditional tube televisions, LCD televisions require much more electricity and operate at much higher temperatures – thereby subjecting the boards and electric components to higher temperatures.

21.     All of these circuit boards in the Polaroid LCD TVs contain electronic devices called capacitors.

22.     Capacitors are devices that store electrical charges and are critical in LCD televisions. A typical capacitor is compromised of two conductors separated by a non-conducting substance such as air, glass or paper.

23.     Upon information and belief, the Polaroid TVs are defectively designed as they expose the capacitors to excessive heat and/or excessive voltage, which in turn, causes the capacitor to fail, which causes the circuit board to shut down, and therefore, the Polaroid TVs to exhibit problems such as dark screens, smoking and even fire.

**Consumer Complaints**

24.     Polaroid is aware they are selling TVs that are unreliable and can be fire hazards.

25.     Customers throughout the United States have been complaining about Polaroid LCD TVs for years.[6]  Upon information and belief, thousands of Polaroid TV owners have complained of either unreliable Polaroid TVs or Polaroid TVs that have started to smoke or catch on fire.

26.     The following are just a sampling of complaints regarding Polaroid TVs ranging from "…my TV broke and I was quoted between $250.00 and $300.00 to repair it", to "…my TV is smoking and/or caught on fire."  The following were obtained from the website ConsumerAffairs.com:[7]

| | |
|---|---|
| Tracy of Eugene, OR<br>May 7, 2011 | I purchased a 46" LCD Polaroid TV from Wal-Mart on black Friday 2009. By December of 2010, of Course, just past the one year warranty, the TV started going blank on just the right side of the TV. We would bang on the side of the TV and it would would come back to life, until we turned it off and back on again. Banging on the side of the tv worked until about two weeks ago, now the right side of the screen stays blank no matter what we do. The left side works fine. |
| Reggie of Windsor, PA<br>May 7, 2011 | Television started to smoke and then the picture cut out. The tv has sound but no picure. The set is only 2 years old and was bought at Wal-Mart. |
| Mary of Ellijay, GA<br>April 28, 2011 | today 5-7-11 my 42" polaroid tv only has half of a picture until it warms up and then it is ok so i went on line to get an idea of what it could be so i can get it fixed. I was totally [sp.] surprised |
| | My Polaroid TDX-03211c caught on fire last night and had I not been home I would have lost my house. I called the support number listed on Polaroid website 1-800-765-2764 and told them what had happened - THis [sp.] is a call center run by another company for polaroid. All they can do is send a new motherboard at cost to the |

[6]     *See* http://www.consumeraffairs.com/home_electronics/polaroid_tv.html (last visited May 12, 2011)

[7]     *See* http://www.consumeraffairs.com/home_electronics/polaroid_tv.html (last visited May 12, 2011)

consumer and they have no instructions or information on this issue from POlaroid. This TV is a FIRE HAZARD and Polaroid needs to take responsibility and recall these TV's and replace them BEFORE someone DIES from this. Or do they want someone to die before they take responsibility?

| | |
|---|---|
| Raymond of Chino, CA April 9, 2011 | I bought this 42" flat screen 2 years ago and just last night i turned it on and there was no picture the screen was black no sound no nothing. I contacted a representive [sp.] from polariod [sp.] and they told me theres [sp.] was nothing they could do for me. so pretty much polariod is getting rich by selling bad tv's to average working class people that are barely getting by with the cost of living itself. Parts alone are $200.00 to $300.00. We as customers should get refunded or some kind rebate or SOMETHING. Now theres [sp.] just a piece a crap tv on wall mount above my fireplace that doesn't work thanks again polariod never again will I buy any of your products again. |
| Patricia of Live Oak, FL March 30, 2011 | I purchased a 32"widescreen Polaroid televison from circuit city in Gainesville on Jan. 30 2009. 2 nights ago, I was watching the t.v. and I heard a hissing sound and the screen went black and a plume of dark smoke billowed up from back of the set. The sound was still working. I called my son from another room and he unpluged the cords for me. It smelled bad and I was afraid th [sp.] might catch fire. I was unaware that others were having the same problems until I got online and started reading all the complaints that were the same as mine. Something needs to be done to help the consumers who purchased this product. I can't afford to lose over 500.00 dollars on a bad purchase. All the others and myself need someone to step up and have this company make it right |
| Cynthia of Port Jefferson Station, NY March 22, 2011 | I bought this 37" polaroid television from circuit city about 4 years ago and it is broken already. It stopped working several months ago. I have contaced [sp.] polaroid several times and got nowhere. They told me to send them $300.00 to get this piece to repair it. I do not have that kind of money. I did my research and it said that polaroid sold these tv defected around 2008, 2009 and that was around the time I purchased it. I believe they should replace the tv for free because they sold defected tv's and how can a television break already I purchased this tv so I could have it for a long time. |
| Kim of Clarksville, AR March 21, 2011 | I bought a 42" polaroid flat screen TV. It lasted a little over 2 years and the screen went black with no audio. I paid $149.00 to get the |

replacement part. It came with a 30 day warranty and worked for 55 days. I would suggest to anyone buying any Polatoid [sp.]product to look at any other manufacturer!!

Dale of Erwin, TN
March 17, 2011

I bought a Polaroid HDTV 3 years ago at Wall Mart on the Black Friday Sale after Thanksgiving and now the picture is distorted by blotching, mostly over people on the TV, but also on some back ground distortion of color too.

Sylvia of Shelby, NC
March 1, 2011

I read the hundreds & hundreds of complaints from other people who are having the same problem with their Polaroid tv. This is totally ridiculous for a tv to not last any longer than this. My last tv probably lasted 20 yrs.!!!!

A class action law suit against Polaroid should be filed & I want to be counted in it. We are going to have to buy another tv & we only have Soc. Sec. to live off of. We are retired & have to have something to do to pass our time, as we don't have money for gas, eating out, going places, or anything else. This company should have to pay for putting out such an inferior product & taking advantage of so many people !!!

Tim of Newhall, CA
Feb. 27, 2011

My Polaroid LCD TV no longer works.

I turn it on and the blue light comes on but no sound, no picture and I can't turn it off. I have to unplug it to turn it off. I have also tried to contact CS but they are of no help. I filed a complaint with the BBB but not sure if that will do anything.

I agree that we should be able to file a lawsuit with Polaroid. Especially when I see on the BBB website Polaroid has an "F" and one of the reasons being they don't respond to complalints [sp.].

Michael of Raleigh, NC Feb. 24, 2011

I bought a Polaroid 42" flat screen LCD on black friday at Walmart 3 years ago and have seen a redish [sp.] haze in the middle of the screen for the last 3 months.

This has been progressing down the screen and expanding accross it. I was told that the warranty has expired and there is no requirement by Polaroid to do anything about it other than my paying to see if it can be fixed.

| | |
|---|---|
| Gary of Boise, ID Jan. 26, 2011 | Polaroid 19" LCD TV purchased from Circuit City, in about 2008. |
| | Worked about one year, then only sound and no picture. Looks like I'm in the same boat with the thousands of other Polaroid complaints. |
| Tracy of St. Louis MO Dec. 29, 2010 | I purchased the Polaroid LCD 32" TV for my husband back in June 2007 for a father's day present. We returned the first one because the first DVD we put in would not come out. When we replaced it, the 2nd one did also. In addition for months, the picture would go black but the audio was clear. For some strange reason it started working again without incident until Dec. 2010 I was sitting in bed watching TV and all of a sudden, the TV went black with audio still in tact, then there was smoke in the back. |
| | Now it's out of warranty. We actually have a ticket # from the warranty period when we first experienced the problem but nothing was done. I am very upset because we do not have a lot of money. Having to replace a television after three short years is ridiculous and comes at a time where we can't afford to purchase another one right away. I'm hoping there will be a class action suit on this model. |
| Dorian of Antioch, TN Dec. 16, 2010 | I purchased a 32in Polaroid TV(TLX-03210B, about 3 years ago at a Black Friday Sale at Wal-Mart. As I was about to watch TV after a long day of final exams, there was suddenly a sizzling sound with smoke raising from the TV. I immediately ran, turned the TV off and unplugged it, It seemed as if it was going to catch on fire. It had a smoked wire smell. |
| | After a couple of minutes I turned TV back on only to see a faded Polaroid, faded input, and then a blank screen while I could hear the sound of the cable program I was watching. |
| April of New Mexico, NM Dec. 9, 2010 | 42" Polaroid Started on fire. |
| Debbie of Norman, OK Dec. 4, 2010 | my polaroid 37" LCD FLM-373B was purchased 11-06 it now has a picture only in pastel colors pink, yellow, orange, lime green and no sound. the tv is only 4 years old. |
| | i have sent it in for sound not coming on before now this what a rip off! |

| | |
|---|---|
| Jerrie of Coal Grove, OH Dec. 3, 2010 | It Sounds like we all had the same experience. I too bought a Polaroid 32" HDTV Model #FLM3201, paid over $800.00 for it and after 2 years one morning I turned it on and got sound but no picture. I called Polaroid and they offered to sell me a refurb at over $400.00. By that time the Tv's had dropped so I ended up buying a new one, not a polaroid. |
| | I am done with their shoddy products and their poor customer service. |
| | Bought 42" xmas 2008 by august 2010 screen started going Black but still plays the sound! |
| | I purchased my 32" Poloroid LCD TV on black friday of 2007. Never once had a problem until ironically, exactly 3 years later to the day, black friday 11-26-2010. I was watching the news and a plume of smoke rose from the back of the TV. The screen went black, but still had sound. Immediately, there was a burning smell and I unplugged the unit right away. |
| Barbara of Fountain, CO Nov. 29, 2010 | On black friday of 2008 I purchased 4 Poloroid 40" LCD Flat Screen TVs of which 3 of them were gifts. I now hold my breath in hopes that the recipients do not experience the same issues. |
| Bernard of Millington, MD Nov. 25, 2010 | Purchased a Polaroid 32 inch LCD TV. A little after a year, the TV had the Black Screen with sound.  Had it Repaired for a little over $150.00. Approx. 6 months later (Now) Same Problem. |
| Allen of Amherst, MA Nov. 23, 2010 | My wife and I purchased a 32" flat screen TV from Wal-Mart in Haley,MA about a year and half ago. The screen started flashing blackness over about 90% of the screen size, but you can still hear everything perfectly clear.  An inability to view our TV, as well as concerns of a potential fire hazard have led to our unlugging [sp.] and removal of the unit from our bedroom. |
| Beverly of Brookings, SD Nov. 20, 2010 | While watching my 32" TV the screen went black and smoke came out of the top. |
| | It has voice, but no picture. It should work for more then a year and a half. |
| Sarah of Austin, TX Nov. 18, 2010 | My son was watching a DVD when he heard a sizzling sound, thick gray smoke poured from     the top rear of the Polaroid TV (Model TLX03210B), and the screen went black. He tried to turn the TV off, however it went right back on! We unplugged everything and moved it outside in case of fire danger. There was a strong electrical |

burn smell. The machine was manufactured 9/2007, purchased from WalMart Nov 2007. Have been unable to get through to Polaroid for *any* response.

I suspect from other posts that we will get no satisfaction and will have to replace the thing ourselves. No more Polaroids for me!!

| | |
|---|---|
| Katrina of Lake Station, IN Nov. 9, 2010 | I purchased a modest size (19")flat screen Polarid [sp.]tv/dvd combo last spring (6-7 months ago) at Walmart in Brunswick ME. It was about $210 in total cost as Walmart was apparently eliminating this product from their offer. I do not watch tv on a daily basis and even when I do it is for 2-3 hours per day at most. I use the dvd player twice a month or so. In other words, this little puppy is not abused. Last week the remote stopped working. I replaced the batteries thinking that was what could be wrong but no luck...........no power. I'm operating this tv manually and, after reading all about the complaints with Polaroid tv products, I guess I should be expecting the tv to start a fire soon or completely stop operating. |

The compaints [sp.] state that neither Walmart nor Polaroid will stand behind this product. What to do?????????????

I put the TV on and my daughter started to scream in a panic, "Mommy, the TV is smoking!" The screen was black, there was sound, and the smoke was pouring out of the top. Thank God I was home. My house could have burned down.  The tv has been unplugged and I'm calling Wal-Mart and Polaroid 2morrow. (and CBS)

| | |
|---|---|
| Eric of Asheboro, NC Nov. 3, 2010 | I purchased a polaroid 32" tv/dvd combo from walmart in sept of 2007. |

My tv just went out. A large cloud of smoke came out the back an now I have sound but no picture. This tv is only 3 years old. I tried to contact polaroid but keep getting a run around online an over the phone.  Is their any one to contact about this problem?

| | |
|---|---|
| Jeff of South Pittsburg, TN Oct. 28, 2010 | I purchase a Polaroid 42" flat screen TV approximately two years ago.  While watching it Blabk [sp.]smoke started coming out of the top of the machine. Then no picture. Was forced to pay $222.00 to buy a new contoller. Walmart would not help. There are 1000 other stories just like this one. |

| | |
|---|---|
| Kim Smith of Canastota, NY Oct. 28, 2010 | my polaroid 32 LCD had a fire yesyerday [sp.]. thank god i was home because if i wasn't i would not have a home right now. i have the receipt payed 700 dallars [sp.] for this tv and is now outside. they or polaroid will not help me. if the house had BURNED DOWN my home ownera [sp.] ins. would be sueing [sp.] walmart |

and polaroid. for the fire there product. i am ******. i will go to the channel 9 news crew and report this. i know them all. and we will get results. i'm [sp.] out 700 dollares  [sp.]and no tv.a slizzle [sp.] noice, [sp.] then smoke out of the top of the tv. i did not have ANYTHING hooked up to it but the cable. so i'ts [sp.] there fault?

| | |
|---|---|
| Kari of Portland, OR Oct. 19, 2010 | I was watching TV & all of a sudden a boom & a puff of smoke...then no picture. The DVD stopped playing 6 months after the purchase. Will never purchase a polaroid again. |
| | Ms. of Pasadena, MD Oct. 24, 2010 |
| | I bought a Polaroid 42in T.V. at walmart in Portland Oregon in 2007. In May of 2010 my Polaroid T.V. actually caught on fire. I was terrified at the thought of what might had happened if i would not of been home when this T.V. caught fire. I contacted Walmart where i bought the T.V. and was told that i would have to contact Polaroid if i wanted anything done about the T.V.  As of todays date, October 18th, 2010, no one from polaroid has contacted me. The T.V. no longer works, i have put it away and refuse to get rid of it until someone is willing to look into this matter for me. |
| Lisa of Athens, TX Oct. 17, 2010 | Bought a Polaroid 32 in TV/DVD television at Wal-Mart in 2008 Manufactured dated January 2008 and the screen went black but can here the sound. |
| | I bought a polaroid lcd tv "32" inch from WalMart in Nov or Dec of 2007. Not even 3 yrs. old and a big puff of smoke came out the top back of it and the screen went black. |
| | I now have a tv that has sound but no picture. The DVD player on it lasted long enough for me to watch one movie on it.. Should have carried it back then. |
| James            of Harrisonville,    MO Oct. 14, 2010 | I have a Polariod 32" LCD model# TLX-03210B T.V I got for christmas gift. This morning I heard a sound of something like steam coming out of a pipe. I started to walk to the bathroom and seen smoke coming out the back to the t.v. My wife asked me if something was burning because it smelt like burnt rubber. the screen will come one then start fading from the center out, until totally black in about three seconds. The sound still works but the picture is totally gone. |
| Barbara of Lithonia Dr., GA Sept. 29, 2010 | i bought a polaroid tv from walmart, i have had it a year and a half and i was was watching tv and i kept smelling something and i looked up and the tv was smoking really bad. i could here people talking but the screen went black then it just went out,,,, an i need my tv what can be done about it,, please respond soon |

| | |
|---|---|
| Jack of Greenville, SC Sept. 14, 2010 | I bought a 32inch polaroid tv/dvd combo and six months after I had it tried turning on the tv and nothing would come on. I called polaroid and they said where your warranty expired about three days ago and you will need to but the part. So I bought the part after I could afford the part which was yesterday 09/10/2010 and powered the tv on and now I have two lines in my screen one horizonal and one diagnal [sp.]. This is really been a horrible experience and would never by another polaroid anything ever again. |
| Josh of Brandon, FL Sept. 14, 2010 | Bought a 32" Polaroid LCD TV and have had it for just under 3 years. While watching tv one day, I heard a hissing noise coming from the tv and then saw a big puff of smoke from the back of the tv as though it was on fire. Fortunately, there was no fire, but it was scary and something I've never seen from a tv before. The fact that this can happen and apparently has happened to many others is inexcusable.<br><br>no more Polaroid purchases in the future. |
| Devoe of Dallas, TX Sept. 12, 2010 | I purchased a 40" Polaroid TV from Wal Mary in August 2007. In a time span of 5 months, the TV's volume stopped working. I unplugged the TV and let it sit about a month before plugging it back up and it started working again. After another month of use, the same problem presented itself. |
| James of Granbury, TX Sept. 12, 2010 | I bought a 42 inch TV about 18 months ago from Walmart....it acted funny right from the start, sometimes making a whistling sound when turned on. I went to Walmart and a clerk told me that Walmart did not sell them anymore because of complaints. As time went by the TV got worse. the DVD player failed...a black bar started covering the screen in the middle of a program...it took forever to fire up with the remote, despite new batteries in the remote. Now it will not turn on at all. by the switch, by the remote...nothing. It as been a sorry TV and Polaroid should hang their head in shame. I see that Samsung is having some of the same type of problems. I suspect that the same company that made the tv's for Polaroid are making them for Samsung. |

27.     Notwithstanding the enormous amount of complaints, Polaroid has done nothing.

28.     There are many other websites like Consumeraffairs.com where Polaroid customers make the same complaints about their TVs.[8]

---

[8]     *See* http://polaroid.pissedconsumer.com/; http://www.fixya.com/support/t6773566-polaroid_flat_screen_tv_started_smoking (last visited May 12, 2011)

### UL Issues Polaroid A Warning

29.     It is well known that consumers equate UL certification with safety.  In fact, UL states[9]:

## Consumers

As consumers, we make important decisions every day about the products we purchase and use in our homes, at work and in our communities. Underwriters Laboratories® is committed to the safety and protection of all consumers in their daily lives.

One important way the expert engineers at UL help is by creating UL Standards and conducting rigorous safety testing and certification of products to those Standards. Products that are consistently compliant with the Standards established by UL carry the UL Mark for easy identification by consumers. To use the Mark, manufacturers submit to periodic testing by UL engineers to check for continuous product compliance. You can place confidence in the integrity of the UL Mark on products you purchase.

In addition to purchasing products with the UL Mark, you can leverage this section to learn about safety, evaluate your own use of common household products, and audit the safety of your home and workplace. In addition, you can protect your loved ones -- both children and older adults -- by evaluating products and places with special attention to their specific needs.

30.     Polaroid's effort to make profit over all else is evident in their scheme to represent their TVs as UL certified when in fact they are not.

31.     UL issued warnings that Polaroid was selling LCD TVs that had a UL certificate, but were never so certified!

32.     In fact, Hughes News which delivers breaking news, authoritative FAQs, comprehensive articles, in-depth reviews and insightful analysis on technology, reported[10]:

---

[9]     *See*   http://www.ul.com/global/eng/pages/offerings/perspectives/consumer/   (last visited May 12, 2011)

[10]     *See*   http://www.hughsnews.ca/ul-issues-polaroid-lcd-television-warning-0012321 (last visited May 12, 2011)

-16-



33.     Despite Polaroid's knowledge of the significant fire hazard associated with their TVs and the fact that they are unreliable, Polaroid has not taken steps to ensure that its customers receive safe and reliable TVs.  Instead, Polaroid has chosen to allow customers to continue to use TVs that are unreliable and that are fire hazards, therefore saving Polaroid a substantial amount of time and money but, by doing so, breaching the contract they have entered into with Class members, voiding the customers' warranties, and even putting them at risk of death or injury.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF**

34.     In October 2007, Plaintiff purchased a Polaroid 40-inch LCD TV, model # TLA-04011C, from a retailer in Licking, MO.  The particular TV is identified in the following exemplar photograph.



Polaroid 40" Class LCD HDTV with Digital Tuner, TLA-04011C

35.     Plaintiff purchased her Television in or around June of 2007. Within 4 months, the picture went dark. Upon discovering that her TV was malfunctioning, Plaintiff contacted Polaroid or their agent, and was advised that the TV could be fixed, but would cost approximately $300.00 for a new module.   After further investigation, Plaintiff became concerned that her TV may not just be unreliable, it may be a fire hazard.   As a result, Plaintiff has not used her Polaroid LCD TV since!

36.     As a direct consequence of Polaroid's failure to sell reliable and safe TVs, Plaintiff and the Class either have incur significant damages.

**TOLLING OF THE STATUTE OF LIMITATIONS**

37.     The causes of action alleged herein accrued upon discovery of the latently defective nature of the Polaroid LCD TVs. Because the defect alleged herein is latent and because Defendants took steps to conceal the true character, nature, and quality of their TVs, among other reasons, Plaintiff and the other members of the Class did not discover and could not have discovered the problems and defects alleged herein through the exercise of reasonable diligence.

38.     Any applicable statutes of limitations have been tolled by Defendants' knowing and active concealment and denial of the facts as alleged herein.  Plaintiff and the other members of the Class have been kept ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their parts. Plaintiff and Class members could not reasonably have discovered the defects and problems alleged herein because of Defendants' fraudulent concealment.

39.     Defendant was under a continuous duty to disclose to Plaintiff and the other members of the Class the true character, quality, and nature of the Polaroid TVs.  Defendants knowingly, affirmatively, and/or actively concealed, and continue to conceal, the true character, quality and nature of the Polaroid LCD TVs.

40.     Based on the foregoing, Defendants are estopped from relying on any statutes of limitations in defense of this action.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b) on behalf of herself and all others similarly situated as members of the following classes:

(a)     All persons in the state of Missouri who purchased one or more Polaroid LCD TVs (the "Missouri Class").

(b)     All persons in United States who have purchased one or more Polaroid LCD TVs (the "Multistate Class").

42.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Classes may be expanded or narrowed by

amendment or amended complaint. Specifically excluded from the proposed Classes are the Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendants and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

43. ***Numerosity***. The members of the Classes are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Classes contain many thousands of members. The precise number of Class members is unknown to Plaintiff. The true number of Class members are known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

44. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether the TVs are defective;

(b) Whether the TVs have not or will not perform in accordance with the reasonable expectations of ordinary consumers;

(c) Whether Polaroid knew or should have known of the defect;

(d) Whether Polaroid concealed from consumers and/or failed to disclose the defect to consumers;

(e)     Whether Polaroid breached express warranties;

(f)     Whether Polaroid breached implied warranties of merchantability;

(g)     Whether Polaroid was unjustly enriched by its sales of the TVs;

(h)     Whether Polaroid misrepresented the characteristics and qualities of the TVs; and

(i)     Whether Plaintiff and the Classes are entitled to damages, and if so, what is the proper measure of damages.

45.     ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Classes in that the Defendants breached their express and implied agreements, acted in an unfair and deceptive manner, and were unjustly enriched as a result of, the Defendants' marketing and sale of Polaroid LCD TVs to Plaintiff and each member of the Classes.

46.     ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Classes.

47.     ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants. It would thus be virtually impossible for the Classes, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation

would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

48. In the alternative, the Classes may be also certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendants have acted or refused to act on grounds generally applicable to the Classes thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole.

49. The claims asserted herein are applicable to all customers throughout the United States who purchased a Polaroid LCD TV.

50. Adequate notice can be given to Class members directly using information maintained in Defendants' records or through notice by publication.

51.     Damages may be calculated, in part, from the sales, service and contract information maintained in Defendants' records and the records of members of the Classes, so that the cost of administering a recovery for the Classes can be minimized.  However, the precise amount of damages available to Plaintiff and the other members of the Classes is not a barrier to class certification.

## COUNT I

### Violation of Missouri's Merchandising Practices Act,
### Mo. Rev. Stat. § 407.020, *et seq.*
### (On behalf of Plaintiff and the Missouri Class)

52.     Plaintiff hereby adopts and incorporate by reference the preceding paragraphs as if fully set forth herein.

53.     Plaintiff brings this claim pursuant to Mo. Rev. Stat. § 407.020, *et seq.*

54.     At all relevant times, Polaroid provided merchandise and thereby engaged in trade or commerce, as defined in Mo. Rev. Stat. § 407.010, *et seq.*

55.     Polaroid engaged in unlawful practices, including, but not limited to, the act, use, or deception, false pretense, false promise, misrepresentation, unfair practice and/or concealment, suppression, and omission of material facts in connection with the sale or advertisement of merchandise in trade or commerce, in or from the State of Missouri in violation of the Missouri Merchandising Practices Act § 407.020, *et seq.*, by stating that it would provide a high quality LCD TV without plainly disclosing to Plaintiff and the members of the Missouri Class that that LCD TV had a defect which resulted in failures and even fires.  As a result, when Plaintiff and the other members of the Missouri Class

purchased their LCD TVs, they were unaware that they were going to receive defective LCD TVs.

56.     Polaroid's unlawful practices have directly damaged Plaintiff and the other members of the Missouri Class. Plaintiff and the other members of the Missouri Class paid for a product free of defects and that is not what they received.  Thus, Polaroid has unjustly profited at the expense of Plaintiff and the other members of the Missouri Class because Defendants have received payments for a product they would not have received if not for their unlawful conduct.

57.     Plaintiff and the other members of the Missouri Class have suffered and/or continue to suffer an ascertainable loss of money directly and proximately caused by Polaroid's  use or employment of a method, act, and/or practice declared unlawful under the Missouri Merchandising Practices Act, as more fully described herein.

58.     Further, Polaroid has engaged in an unfair practice that offends established public policy, and is one that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.

59.     Upon information and belief, Polaroid acted and continues to act in an identical or substantially similar manner with respect to the entire putative Missouri Class by adopting or implementing identical or substantially similar practices.

60.     Plaintiff has retained the services of the undersigned attorneys who are entitled to reasonable attorneys' fees.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.     For an order certifying the Missouri Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Missouri Class;

B.     Awarding actual and consequential damages;

C.     Granting injunctive relief;

D.     For pre- and post-judgment interest to the Missouri Class, as allowed by law;

E.     For reasonable attorneys' fees and costs to counsel for the Missouri Class if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Missouri Class; and

F.     Granting such other and further relief as is just and proper.

## COUNT II

### Minnesota Uniform Deceptive Trade Practices Act
### (On Behalf of Plaintiff and the Missouri Class)

61.     Plaintiff adopts and incorporates by reference paragraphs 1-51 as if fully set forth herein.

62.     This cause of action is pled in the alternative of Count I.

63.     At all relevant times, the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.* ("UDTPA") was in effect and applicable to the transactions at issue in this case.

64.     The UDTPA provides, in part, that:

Subdivision 1.  A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person . . . (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another; (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a

sponsorship, approval, status, affiliation, or connection that the person does not have; (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; . . . (11) makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions; (13) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.
Minn. Stat. § 325D.44.

65.     Plaintiff and members of the proposed Class purchased Polaroid LCD TVs from Polaroid.

66.     Polaroid has been regularly engaged, as part of its general business practice, in a scheme of: (a) wrongfully misrepresenting the quality of the Polaroid LCD TVs; (b) wrongfully making these misrepresentations for the purpose of selling the Televisions or for obtaining an increased price for these Televisions.

67.     As described herein, Polaroid used and employed unfair and/or deceptive acts or practices within the meaning of Minn. Stat. § 325D.43, et seq.

68.     Polaroid's' misrepresentations, concealment, omissions, and general conduct were likely to deceive and likely to cause misunderstanding.

69.     Polaroid intended that Plaintiff and other Class members would rely on its misrepresentations, concealment, omissions, and/or deceptions.

70.     Plaintiff and other Class members, by purchasing the Polaroid TVs, did in fact rely on Polaroid's' misrepresentations, concealment, omissions and deceptions.

71.     Polaroid's' conduct constitutes multiple, separate violations of the UDTPA.

72.     Therefore, Plaintiff and other Class members are entitled to equitable and injunctive relief, as well as reasonable attorneys' fees and costs under the UDTPA, Minn. Stat. § 325D.45.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Class;

(b)     Awarding actual and consequential damages;

(c)     Granting injunctive relief;

(d)     For pre- and post-judgment interest to the Class, as allowed by law;

(e)     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Class; and

(f)     Granting such other and further relief as is just and proper.

## COUNT III

### Consumer Fraud In Violation of Minn. Stat. § 325F.69
### (On Behalf of Plaintiff and the Missouri Class)

73.     Plaintiff incorporates paragraphs 1-51 as if fully set forth herein.

74.     This cause of action is pled in the alternative of Count I.

75.     Polaroid's' acts, practices, representations and omissions constitute fraud, false pretense, false promise, misrepresentation, deceptive sales practices and dissemination of misleading information as set forth more fully in the paragraphs above.

76.     Polaroid engaged in such acts, practices, representations and omissions with the intent that Plaintiff and other Class Members would rely on such representations and omissions in connection with the sale of its Polaroid TVs to Plaintiff and other Class Members.

27

77.     Polaroid persisted in the conduct described herein despite knowing, or recklessly disregarding, that said conduct constituted a breach of its duties to Plaintiff and other Class Members and further constituted fraud.

78.     As a direct and proximate result of the Polaroid's' conduct, Plaintiff and other Class Members have incurred damage in the amount they paid for their Televisions or the amount incurred to make repairs, or both, and are, pursuant to Minn. Stat. § 8.31, subd. 3a, entitled to be compensated in an amount to be established according to proof at trial, including but not limited to damages, attorneys' fees and equitable relief

79.     By paying for the Televisions, Plaintiff and other Class Members relied on Polaroid's' representation on the quality and safety of the Televisions.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Class;

(b)     Awarding actual and consequential damages;

(c)     Granting injunctive relief;

(d)     For pre- and post-judgment interest to the Class, as allowed by law;

(e)     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Class; and

(f)     Granting such other and further relief as is just and proper.

## COUNT IV

### Breach of Express Warranty
### (On Behalf of Plaintiff, the Missouri Class and the Multistate Class)

80.     Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 51 as if fully set forth herein.

81.     The advertisements, models and samples, and other similar uniform representations disseminated by Polaroid regarding the LCD TVs were, and are, affirmations of fact and/or promises with regard to the performance and quality of those appliances. These advertisements, models and samples, and other similar representations, formed, in whole or in part, the basis of the bargain between Polaroid and members of the Missouri and Multistate Classes, and constituted express warranties that the appliances would conform thereto.   As described above, Class Members' LCD TVs did not conform with these warranties, representations, models and samples.

82.     Polaroid provided limited warranties to Plaintiff and other members of the Missouri and Multistate Classes, which Defendants breached and failed to honor.  The time limitations contained in those limited warranties were also unconscionable and grossly inadequate to protect Plaintiff and the other members of the Missouri and Multistate Classes. Among other things, Class members had no meaningful choice in determining those time limitations; the terms of the limited warranties unreasonably favored Polaroid over members of the Missouri and Multistate Classes; a gross disparity in bargaining power existed as between Polaroid and members of the Missouri and Multistate Classes; and Polaroid knew the LCD TVs were defective and would fail after the warranty had expired.

83.     By virtue of its knowledge of the defect and its knowledge of the experience of owners of the Televisions who complained of the defect described herein, Polaroid has received notice of the breach of the warranties.

84.     The element of privity, if applicable, exists between Polaroid and members of the Missouri and Multistate Classes because, *inter alia* (i) Polaroid has had direct written communications with members of the Missouri and Multistate Classes with regard to the LCD TVs in the form of standardized warranty forms and registration cards; (ii) Polaroid has had direct communications with members of the Missouri and Multistate Classes with regard to the LCD TVs through television, newspaper, and magazine advertisements; (iii) the dealers that have sold LCD TVs to and communicated with members of the Missouri and Multistate Classes are agents, in law or in fact, of Polaroid and are authorized to sell Polaroid merchandise on Polaroid's' behalf; (iv) Polaroid has entered into contracts with members of the Missouri and Multistate Classes in connection with the assurance of warranties; and (v) Plaintiff and members of the Missouri and Multistate Classes are third-party beneficiaries of warranties that ran from Polaroid to its agents, the dealers and sellers of Polaroid LCD TVs.

85.     As a result of the foregoing, Plaintiff and the Class members have suffered damages that were directly and proximately caused by the defective LCD TVs.

86.     Polaroid's course of conduct, as alleged herein, is likely to mislead – and has misled – the consumer acting reasonably in the circumstances, to the consumer's detriment.

87.     Moreover, upon information and belief, Polaroid acted and continues to act in an identical or substantially similar manner with respect to the entire putative Missouri and

Multistate Classes by continuing to manufacture, warrant, and sell defective LCD TVs and by providing wholly inadequate remedies to consumer complaints.

88.    Plaintiff and members of the Missouri and Multistate Classes have suffered harm and, absent extraordinary relief from this Court, Plaintiff will continue to suffer irreparable harm through Polaroid's conduct of continuing to market, warrant, and place defective LCD TVs on the market.  Damages will not be an adequate remedy at law because, although Plaintiff has suffered injury, Polaroid continues to place its defective products on the market and provide wholly inadequate remedies to consumer complaints.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.    For an order certifying the Missouri and Multistate Classes under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Missouri and Multistate Classes;

B.    Awarding actual and consequential damages;

C.    Granting injunctive relief;

D.    For pre- and post-judgment interest to the Missouri and Multistate Classes, as allowed by law;

E.    For reasonable attorneys' fees and costs to counsel for the Missouri and Multistate Classes if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Missouri and Multistate Classes; and

F.    Granting such other and further relief as is just and proper.

## COUNT V

### Breach of Implied Warranty
### (On Behalf of Plaintiff, the Missouri Class and the Multistate Class)

89.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 51 as if fully set forth herein.

90.    Polaroid impliedly represented and warranted that the LCD TVs were free of defects, were merchantable, and were fit for their intended purpose.

91.    Polaroid breached these representations and implied warranties. Polaroid made and/or allowed these misrepresentations to be made with the intent of inducing members of the Missouri and Multistate Classes to purchase LCD TVs. If Plaintiff and members of the Missouri and Multistate Classes had known the true facts regarding the defective condition of the LCD TVs, they would not have purchased LCD TVs or paid as much money – if any – for the LCD TVs.

92.    By virtue of its knowledge of the defect and of the experience of purchasers and/or owner of the LCD TVs who complained thereof, Polaroid has received notice of the breach of the warranties.

93.    The element of privity, if applicable, exists between Polaroid and members of the Missouri and Multistate Classes because, *inter alia* (i) Polaroid has had direct written communications with members of the Missouri and Multistate Classes with regard to the LCD TVs in the form of standardized warranty forms and registration cards; (ii) Polaroid has had direct communications with members of the Missouri and Multistate Classes with regard to the LCD TVs through television, newspaper, and magazine advertisements; (iii) the dealers that have sold LCD TVs to and communicated with members of the Missouri and

Multistate Classes are agents, in law or in fact, of Polaroid and are authorized to sell Polaroid merchandise on Polaroid's behalf; (iv) Polaroid has entered into contracts with members of the Missouri and Multistate Classes in connection with the assurance of warranties; and (v) Plaintiff and members of the Missouri and Multistate Classes are third-party beneficiaries of warranties that ran from Polaroid to its agents, the dealers and sellers of Polaroid appliances.

94.     The damages suffered by Plaintiff and the Missouri and Multistate Classes were directly and proximately caused by the defective LCD TVs.

95.     Polaroid's course of conduct, as alleged herein, is likely to mislead – and has misled – the consumer acting reasonably in the circumstances, to the consumer's detriment.

96.     Moreover, upon information and belief, Polaroid acted and continues to act in an identical or substantially similar manner with respect to the entire putative Missouri and Multistate Classes by continuing to manufacture, warrant, and sell defective LCD TVs and by providing wholly inadequate remedies to consumer complaints.

97.     Polaroid's limits on its express warranty are unconscionable. Polaroid knowingly sold a defective product without conspicuously informing customers about the defect. Polaroid had superior knowledge based on testing and consumer complaints.

98.     Polaroid concealed material information (that the LCD TVs would prematurely fail or cause fire) from Plaintiff and the Class members. Polaroid acted intentionally with the purpose of maximizing profit.

99.     The time limits contained in Polaroid's written limited warranties are grossly inadequate to protect the Plaintiff and members of the Missouri and Multistate Classes. Among other things, Plaintiff and members of the Missouri and Multistate Classes had no

meaningful choice in determining those time limitations; the warranties were written by Polaroid, without input from Plaintiff or the members of the Missouri and Multistate Classes, the term of the limited warranties unreasonably favored Polaroid by creating a ninety-day/one-year warranty limitation on a product consumers could reasonably expect to last over 60,000 hours; a gross disparity in bargaining power existed between Polaroid and Plaintiff and the Missouri and Multistate Classes members; and Polaroid should have known that the LCD TVs were defective at the time of sale and would fail, or cause injury or death, well before the end of their useful lives, thereby rendering the time limitations insufficient, inadequate, and unconscionable.

100.    Plaintiff and members of the Missouri and Multistate Classes have suffered harm and, absent extraordinary relief from this Court, Class members will continue to suffer irreparable harm through Polaroid's conduct of continuing to market, warrant, and place defective LCD TVs on the market.  Damages will not be an adequate remedy at law because, although Plaintiff has suffered injury, Defendant continues to place its defective products on the market and provide wholly inadequate remedies to consumer complaints.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.    For an order certifying the Missouri and Multistate Classes under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Class;

B.    Awarding actual and consequential damages;

C.    Granting injunctive relief;

D.      For pre- and post-judgment interest to the Missouri and Multistate Classes, as allowed by law;

E.      For reasonable attorneys' fees and costs to counsel for the Missouri and Multistate Classes if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Missouri and Multistate Classes; and

F.      Granting such other and further relief as is just and proper.

## COUNT VI

### Unjust Enrichment
### (On Behalf of Plaintiff, the Missouri Class and the Multistate Class)

101.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 51 as if fully set forth herein.

102.    This cause of action is pled in the alternative of all contract-based causes of action.

103.    Polaroid marketed, advertised and/or promoted the LCD TVs as merchantable, free of defect, fit for the ordinary purpose for which they were to be used and safe for said purpose, as set forth more fully above.

104.    Plaintiff and members of the Missouri and Multistate Classes have conferred benefits on Polaroid by paying for the LCD TVs.

105.    Polaroid has knowingly and willingly accepted these benefits from Plaintiff and the Missouri and Multistate Classes.

106.    Plaintiff and members of the Missouri and Multistate Classes did not receive LCD TVs that were free of defect, fit for the ordinary purpose for which they were to be used and safe for said purpose.

107.    Under the circumstances, in light of Polaroid's misrepresentations and omissions, it is inequitable for Polaroid to retain these benefits at the expense of Plaintiff and the other members of the Missouri and Multistate Classes.  Polaroid has been unjustly enriched at the expense of and detriment of Plaintiff and the Missouri and Multistate Classes by wrongfully collecting money to which Polaroid, in equity, is not entitled.

108.    Plaintiff and members of the Missouri and Multistate Classes are entitled to recover from Polaroid all amounts wrongfully collected and improperly retained by Polaroid, plus interest thereon.

109.    As a direct and proximate result of Polaroid's unjust enrichment, Plaintiff and members of the Missouri and Multistate Classes have suffered injury and are entitled to reimbursement, restitution and disgorgement from Polaroid of the benefits conferred by Plaintiff and the Missouri and Multistate Classes.

110.    Plaintiff and the Missouri and Multistate Classes have no adequate remedy at law.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.    For an order certifying the Missouri and Multistate Classes under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Missouri and Multistate Classes;

B.    Awarding reimbursement, restitution and disgorgement from Polaroid of the benefits conferred by Plaintiff and the Missouri and Multistate Classes;

C.    Granting injunctive relief;

D.      For pre- and post-judgment interest to the Missouri and Multistate Classes, as allowed by law;

E.      For reasonable attorneys' fees and costs to counsel for the Missouri and Multistate Classes if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Missouri and Multistate Classes; and

F.      Granting such other and further relief as is just and proper.

## COUNT VII

### Money Had and Received
### (On Behalf of Plaintiff, the Missouri Class and the Multistate Class)

111.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 51 as if fully set forth herein.

112.    This cause of action is pled in the alternative of all contract-based causes of action.

113.    As a result of the conduct alleged herein, Polaroid has improperly received monies from Plaintiff and the Missouri and Multistate Classes it was not legally entitled to receive.

114.    Plaintiff and members of the Missouri and Multistate Classes have a claim for improperly paid monies to Polaroid resulting from Polaroid's improper design of its LCD TVs.

115.    Equity and good conscience require that Polaroid pay over such additional monies, described above, to Plaintiff and the Missouri and Multistate Classes.

116.    As a direct and proximate result of Polaroid's misconduct, Plaintiff and members of the Missouri and Multistate Classes have suffered injury and are entitled to

reimbursement, restitution and disgorgement in the amount necessary to restore them to the position they would have been in if Polaroid had not sold defective LCD TVs.

117.    Plaintiff and the Missouri and Multistate Classes have no adequate remedy at law.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.    For an order certifying the Missouri and Multistate Classes under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Missouri and Multistate Classes;

B.    Awarding reimbursement, restitution and disgorgement from Polaroid in the amount necessary to restore them to the position they would have been in if Polaroid had not sold defective LCD TVs;

C.    Granting injunctive relief;

D.    For pre- and post-judgment interest to the Missouri and Multistate Classes, as allowed by law;

E.    For reasonable attorneys' fees and costs to counsel for the Missouri and Multistate Classes if and when pecuniary and/or non-pecuniary benefits are obtained on behalf of the Missouri and Multistate Classes; and

F.    Granting such other and further relief as is just and proper.

## COUNT VIII

### Injunctive Relief
### (On Behalf of Plaintiff, the Missouri Class and the Multistate Class)

118.    Plaintiff hereby incorporates by reference the allegations in paragraphs 1-51 as though fully set forth herein.

119.    Plaintiff has no adequate remedy at law for future unlawful conduct by Polaroid in connection with the sale of their defective LCD TVs to customers.

120.    Contrary to the complaints and evidence, Polaroid continues to sell defective TVs to their consumers.

121.    The continuing nature of Polaroid's acts would necessitate a separate action by Plaintiff and each Class member for damages for each act and would subject Plaintiff, each Class member, Polaroid, and this Court to the expense, annoyance, and inconvenience of a multiplicity of suits.

122.    For these reasons, the failure of Polaroid to uphold its obligations to sell TVS which are not defective, which are safe, and meet manufacturer requirements causes irreparable injury to Plaintiff and the Missouri and Multistate Classes.

123.    Plaintiff and the Missouri and Multistate Classes have a substantial likelihood of success on the merits of their claims since Polaroid's liability is clear and self-evident.

124.    An injunction prohibiting Polaroid from continuing to engage in practices that are likely to cause severe injury or death and will serve the public interest since it will prevent injury or death, and will prevent Polaroid from causing damage to Plaintiff and the Missouri and Multistate Classes, as well as their families.

125.   Plaintiff and the Missouri and Multistate Classes are entitled to an injunction prohibiting Polaroid from continuing to engage in practices alleged herein.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.   For an order certifying the Missouri and Multistate Classes under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Missouri and Multistate Classes;

B.   For the named Plaintiff and the Missouri and Multistate Classes, injunctive relief against Polaroid as this Court deems necessary and proper including entering an injunction against Polaroid enjoining it from selling defective and dangerous LCD TVs;

C.   For reasonable attorneys' fees and costs to counsel for the Class if and when non-pecuniary benefits are obtained on behalf of the Missouri and Multistate Classes; and

D.   Granting such other and further relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  June 06, 2011            REINHARDT, WENDORF & BLANCHFIELD
                                 GARRETT D. BLANCHFIELD, JR. (#209855)


                                 s/Garrett D. Blanchfield, Jr.
                                 _____
                                 Garrett D. Blanchfield

                                 E-1250 First National Bank Bldg.
                                 332 Minnesota St.
                                 St. Paul, MN 55101
                                 Telephone: 651/287-2100
                                 651/287-2103 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone:  561/750-3000
561/750-3364 (fax)

MARC S. HENZEL
LAW OFFICES OF MARC S. HENZEL
431 Montgomery Ave., Suite B
Merion Station, PA 19066
Telephone: 610/660-8000
610/660-8080 (fax)

Attorneys for Plaintiff and the Class

C:\DOCUME~1\mdearman\LOCALS~1\Temp\MetaSave\PolaroidComplaint [v.8].doc